Frank GALERIE and Patricia Galerie, Plaintiffs,

v.

**M & T BANK CORPORATION, Chris Dipietro, Individually and Donna Nowak, Individually, Defendants.**

No. 1–98–CV–1146.

United States District Court, N.D. New York.

Dec. 21, 1998.

**364**

Office of Andrew F. Capoccia, Albany, NY (Andrew F. Capoccia, of counsel), for Plaintiffs.

Couch, White Law Firm, Albany, NY (Paul A. Feigenbaum, of counsel), for Defendants.

## MEMORANDUM -DECISION & ORDER

MCAVOY, Chief Judge.

By Memorandum–Decision & Order dated December 12, 1998, the Court granted defendants' motion to disqualify the Capoccia firm. In that decision, the Court noted that plaintiffs failed to file timely opposition papers with the Court.[1] This procedural default provided one ground for the granting of defendants' motion. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Failure to file or serve any papers as required by this Rule shall, unless for good cause shown, be deemed by the court as consent to the granting ... of the motion."). The Court, nonetheless, addressed the merits of defendants' motion and determined that the Capoccia firm should be disqualified. *See* Memorandum–Decision & Order, at 5–7.

The Capoccia firm has now moved the Court to reconsider its decision not to accept plaintiffs' untimely opposition papers. In support of its motion, the Capoccia firm submits the affidavit of Michael J. Scaptura, Esq., who alleges that he has been a practicing attorney for approximately twenty weeks and a member of the federal bar for approximately three weeks. Scaptura claims that it was his understanding that opposing papers were to be served fourteen days prior to the return date, that the calculation of the fourteen day period included the day of hearing, and that he timely served the papers by depositing the papers in the U.S. Mails on December 1, 1998.

█ The Capoccia firm fails to comprehend the plain meaning of N.D.N.Y. L.R. 7.1(b)(2) and the relevant sections of the Federal Rules of Civil Procedure. Pursuant to LOCAL R. 7.1(b)(2), "[o]pposing papers shall be filed and served upon the opposing party not less than FOURTEEN CALENDAR DAYS prior to the return date of the

motion." (emphasis in original). By the plain language of the Rule, the papers were required to be both "filed" and "served." It goes without saying (although the Court will, nonetheless, say it for plaintiffs' benefit) that service of papers on an adversary does not satisfy filing deadlines. Pursuant to FED. R. CIV. P. 5(e), "[t]he filing of papers with the court ... shall be made by filing them with the clerk of the court." Plaintiff's opposition papers were not received by, and, thus, not filed with, the Court until December 2, 1998.

█ With respect to Scaptura's claim that he was not aware that the day of the hearing was not counted in the calculation of the fourteen day period, FED. R. CIV. P. 6 makes it clear that "[i]n computing any period of time prescribed or allowed by these rules, [or] by the local rules of any district court ... the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless ... when the act to be done is the filing of a paper in court.*" (emphasis supplied). It is, thus, clear that the date of the hearing is not to be considered. In any case, plaintiffs entirely overlook that the Court addressed the merits of the motion and found adequate reasons for disqualification.

For the foregoing reasons, plaintiffs' motion is DENIED.

**IT IS SO ORDERED**

---

1. The return date was December 14, 1998 and the opposition papers were filed on December 2, 1998—two days late. *See* N.D.N.Y. L.R. 7.1(b)(2).